IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17–01–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| COREY WAYNE ATTKISSON, | |
| Defendant. | |

Before the Court is Defendant Corey Wayne Attkisson's Unopposed Motion for Early Termination of Supervision. (Doc. 49.) The United States does not oppose. (*Id.* at 2.) United States Probation Officer Annie Bambenek indicates that Defendant has remained in complete compliance with his supervised release. (*Id.*) For the reasons below, the Court grants the Motion.

**BACKGROUND**

On June 23, 2017, Defendant was sentenced for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and 841(b)(1)(A). (Doc. 41.) The Court sentenced Defendant to 78 months of imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervision on December 9, 2022. (Doc. 50 at 2.)

1

## DISCUSSION

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated for several reasons. Since his release from prison, Defendant completed an apprenticeship program and became a Journeyman Carpenter. (*Id.* at 3–4.) Defendant has secured stable housing and built a structured and responsible lifestyle. (*Id.* at 4.) He recently married and welcomed his daughter into the world.

2

(*Id.*) Over the course of his supervised release, Defendant has remained compliant, including maintaining clean drug tests and abiding by the law.

It is evident to the Court that Defendant is committed to being a productive member of society. The Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 49) is GRANTED. Corey Wayne Attkisson's term of supervised release is TERMINATED as of the date of this Order.

DATED this 12th day of March, 2026.

Dana L. Christensen, District Judge
United States District Court

3